**PEOPLE OF the STATE OF CALIFORNIA et al., Plaintiffs,**

v.

**Elliot L. RICHARDSON et al., Defendants.**

**No. C–72–1514.**

United States District Court, N. D. California.

Nov. 28, 1972.

---

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for defendants.

Public Advocates, Inc., Fred J. Hiestand, Jo Ann Chandler, San Francisco, Cal., Evelle J. Younger, Atty. Gen., State of Cal., Richard Mayers, Deputy Atty. Gen., San Francisco, Cal., for plaintiffs.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

ZIRPOLI, District Judge.

In this suit the California Attorney General, on behalf of the people of the State of California, and two senior citizens organizations seek an order pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), requiring the Department of Health, Education and Welfare to produce for copying certain identifiable records. The specific records sought are the Extended Care Facility Reports (Form SSA–1569) concerning California nursing homes that receive Medicare reimbursement. These annual reports certify whether nursing homes comply with various requirements of the Medicare program; plaintiffs argue that they are the only comprehensive records by which Medicare patients can determine which nursing homes provide safe, sanitary, and humane care.

The parties have made cross-motions for summary judgment, agreeing that there are no material facts in dispute. The court concludes that defendants' motion will be granted and the plaintiffs' denied.

The starting point for the court is the express command of 5 U.S.C. § 552(c) that records shall not be withheld by public agencies except as authorized by the Freedom of Information Act. *See* Bristol-Myers Co. v. FTC, 138 U.S. App.D.C. 22, 424 F.2d 935, 938 (1970), cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970). The Department argues that the Act does allow the withholding of these records in § 552(b)(3), because the records are "specifically exempted from disclosure by statute." The statute the Department relies upon is 42 U.S.C. § 1306(a), which provides:

> No disclosure . . . of any file, record, report or other paper, or any information, obtained at any time by the Secretary . . . or by any officer or employee of the Department of Health, Education, and Welfare . . . in the course of discharging [the] duties [of the Secretary] under this chapter . . . shall be made except as the Secretary . . . may by regulations prescribe. . . .

Plaintiffs suggest two arguments why, despite its broad language, § 1306 should not be held to authorize withholding the requested records.[1] First, they argue that the legislative history of § 1306 demonstrates that this statute was not intended to encompass the reports they seek. The evidence of legislative intent they refer to is a paragraph in the House Report, H.R.Rep. No.728, 76th Cong., 1st Sess. at 3, and the testimony of Mr. Altmeyer, Chairman of the Social Security Board before the House committee. Hearings Before the House Ways and Means Committee, 76th Cong., 1st Sess. at 2418–19. This legislative material, plaintiffs argue, shows that the sole intent of Congress in enacting § 1306 was to protect the privacy of social security applicants and recipients.

---

1. In addition to these arguments, plaintiffs rely upon the decision of Judge Waddy in Schecter v. Richardson, Civil No. 710–72 (D.D.C. July 17, 1972), ordering that records of this type be produced for copying. Because that decision consists solely of a bare order, which states no reasons for the conclusion reached, it is of no assistance to this court.

The court rejects this argument. The legislative material is not so unambiguous or substantial that it justifies overlooking the unequivocal language of the statute. Moreover, if plaintiffs are correct, the court cannot understand why Congress would have used such broad language in § 1306 when in a parallel statute enacted at the same time Congress only required that states "provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of aid to the blind." 42 U.S.C. § 1202(a)(9). This difference of treatment is strong evidence that Congress acted intentionally when it employed the broad language of § 1306.

Plaintiffs' more substantial argument is that 5 U.S.C. § 552(b)(3) does not encompass § 1306, because no material is "*specifically* exempted from disclosure" by § 1306. Citing three recent cases holding that 18 U.S.C. § 1905 does not "specifically" exempt materials from disclosure, Grumann Aircraft Eng'r Corp. v. Renegotiation Bd., 138 U.S.App. D.C. 147, 425 F.2d 578, 580 n. 5 (1970); M. A. Schapiro & Co. v. SEC, 339 F.Supp. 467, 470 (D.D.C.1972); Consumer's Union, Inc. v. Veteran's Administration, 301 F.Supp. 796, 801–802 (S.D.N.Y. 1969), plaintiffs question the specificity of § 1306. Certainly § 1306 does not itself single out for nondisclosure any specified documents, as does, for example, 26 U.S.C. § 6103. But § 1306 is considerably more specific than 18 U.S.C. § 1905, which only forbids the disclosure of certain information when disclosure is not otherwise authorized by law. Thus, the court cannot rely on the cases cited by plaintiffs.

This precise problem is considered in K. Davis, The Information Act, 34 U.Chi. L.Rev. 761, 786–87 (1967). As Professor Davis notes, several statutes employ the method of § 1306 and allow agency heads to determine by regulation whether specified information shall be made public. While a respectable argument can be made that such statutes do not specifically exempt the information from disclosure, that interpretation would defeat the intent of these various statutes. It is unlikely that Congress intended such a wholesale repeal of these nondisclosure statutes. Therefore, the court agrees with Professor Davis that these statutes ought to be considered sufficiently specific for purposes of § 552 (b)(3).

It is therefore ordered that defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.