William A. STRETCH, and Douglas A. Campbell, Plaintiffs,

v.

Casper W. WEINBERGER, Secretary of the United States Department of Health, Education and Welfare, Defendant.

Civ. A. No. 274-73.

United States District Court, D. New Jersey.

June 13, 1973.

Archer, Greiner & Read by Frank E. Schimaneck, Camden, N. J., for plaintiffs.

Herbert J. Stern, U. S. Atty. by George Kandravy, Asst. U. S. Atty., Newark, N. J., for defendant.

## OPINION and ORDER

COHEN, Chief Judge:

This is an action pursuant to the Freedom of Information Act, 5 U.S.C. § 552[1], wherein plaintiffs, William A. Stretch and Douglas A. Campbell, the publisher and an investigative reporter respectively, of the Camden Courier Post, seek disclosure of documents in the possession of defendant, Secretary of Health, Education and Welfare (HEW). The documents in question are "Extended Care Facility Survey Reports" (Reports) which are prepared by State agencies and utilized by HEW in the administrative determination of whether health care facilities in the State of New Jersey qualify for reimbursement under the Medicare program.

Jurisdiction is conferred pursuant to the provisions of 5 U.S.C. § 552(a)(3). Before the court are cross motions for summary judgment. Fed.R.Civ.P. 56. Inasmuch as there are no material issues of fact to be resolved, the case is ripe for disposition by summary judgment.

Defendant relies upon 5 U.S.C. § 552 (b)(3) of the Freedom of Information Act which excepts those materials "specifically exempted from disclosure by statute." The specific statute, defendant contends, is 42 U.S.C. § 1306(a)[2]

1. The portion of the Freedom of Information Act upon which plaintiffs rely, 5 U.S.C. § 552(a)(3), provides as follows: [E]ach agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person. On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld. from the complainant.

2. 42 U.S.C. § 1306(a) provides in pertinent part:
No disclosure of any return or portion of a return . . . filed with the

which provides that the Secretary of HEW cannot disclose any material filed with the Commissioner of the Internal Revenue Service under Title VIII of the Social Security Act and transmitted to him, or any file, record, report or other information obtained by him, unless the Secretary prescribes otherwise by regulation. No such regulation is present here.[3]

A two-pronged argument is advanced by the plaintiffs to the court urging that 42 U.S.C. § 1306(a) does not authorize withholding of the reports. First, plaintiffs argue that the congressional objective in enacting 42 U.S.C. § 1306(a) was to protect disclosure of information concerning private applicants and recipients; further, that the reports in question are institutional and did not come into use until at least twenty-five years after the passage of 42 U.S.C. § 1306(a), and, therefore, these reports do not come within the ambit of that section. Secondly, plaintiffs contend that the subsequently enacted Freedom of Information Act only excepts materials specifically exempted by statute. 42 U.S.C. § 1306 (a) does not specifically exempt these Survey Reports but, to the contrary, vests wide discretion in the Secretary of HEW to determine which documents should be disclosed. Inasmuch as the statute fails to provide for an express exemption, plaintiffs maintain that they are entitled to copies of the Reports.

The primary objective of the Freedom of Information Act is "to increase the citizen's access to government records." Getman v. N.L.R.B., 146 U.S.App. D.C. 209, 211, 450 F.2d 670, 672 (1971). The statute thus exhibits a liberal policy of disclosure. To be borne in mind, however, is the congressional determination that the Executive Branch of Government must have the option to keep certain information confidential. See Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

Four district court decisions have considered the identical issue, two of which have ordered production of the Reports, Serchuk v. Richardson, Civ. 72–1212 (S. D.Fla., November 28, 1972) and Schecter v. Richardson, Civ. 710–72 (D.D.C., July 17, 1972), and two have forbidden such disclosure, Schecter v. Weinberger, Civ. 2319–72 (D.D.C., June 7, 1973), and People v. Richardson, 351 F.Supp. 733 (N.D. Cal.1972).

██ 42 U.S.C. § 1306(a) vests wide discretion in the Secretary of HEW to prevent disclosure of "any file, record, report, or other paper, or any information, obtained at any time by any officer or employee of the Department . . . ." Such discretion is inconsistent with the "specific exemption" requirement of the Freedom of Information Act. Since the underlying policy of the Act favors liberal disclosure, the exemptions should be narrowly construed, Serchuk v. Richardson, *supra*.

██ Moreover, the times in which we live have engendered a public awareness, as never before. The best governed society is an informed society. A responsible press has the obligation to keep the public abreast of governmental activity. In balancing the considerations herein advanced, it is the view of this Court that the interest of the public is paramount to that of a private institution seeking governmental reimbursement under the Medicare program.

Accordingly, it is the determination of this Court that plaintiffs are entitled to access to the Reports they seek.

Commissioner of Internal Revenue under Title VIII of the Social Security Act . . . which h[as] been transmitted to the Secretary of Health, Education, and Welfare . . . by the Commissioner of Internal Revenue, or of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare . . . shall be made except as the Secretary . . . may by regulations prescribe.

3. Congress has recently enacted the "Social Security Amendments of 1972," a provision of which (§ 299D(c)) permits disclosure of the Reports beginning on April 30, 1973. Inasmuch as the provision only has prospective application, it has no effect on the case at bar.