**Malvin SCHECHTER, Appellant,**

v.

**Caspar W. WEINBERGER, Secretary, United States Department of Health, Education and Welfare.**

**No. 73–1797.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 19, 1973.

Decided April 17, 1974.

As amended July 10, 1974.

Ronald L. Plesser, Washington, D. C., with whom Alan B. Morrison, Washington, D. C., was on the brief, for appellant.

Michael Kimmel, Atty. Dept. of Justice, with whom Harold H. Titus, Jr., U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, were on the brief, for appellee. Walter H. Fleischer, Atty., Dept. of Justice, also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and MacKINNON, Circuit Judges.

### ORDER

It is ordered by the Court, *sua sponte*, that the above entitled case is held in abeyance pending final disposition of the case of Stretch v. Weinberger, No. 73–1547, 495 F.2d 639, pending in the United States Court of Appeals for the Third Circuit, or until further order of this Court.

Counsel are requested to advise this court of the progress of the proceedings in the above noted case of Stretch v. Weinberger.

Circuit Judge MacKINNON dissents for the reasons set forth in his opinion filed herein this date.

MacKINNON, Circuit Judge:

A majority of the panel have ordered *sua sponte* that this case be

held in abeyance pending final disposition of the case of William A. Stretch v. Caspar W. Weinberger, No. 73–1547, 495 F.2d 639, pending in the United States Court of Appeals for the Third Circuit, or until further order of this Court.

I believe the parties are entitled to our opinion at this time. My individual views on the merits are as follows.

The survey reports fall within the literal language of Exemption Three of the Freedom of Information Act which exempts from disclosure matters that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Section 1306(a) of Title 42 prohibits the disclosure of "any . . . report . . . obtained at any time by the Secretary . . . or by any officer or employee of the Department . . . in the course of discharging their respective duties under this chapter . . . except as the Secretary . . . may by regulations prescribe." Since the survey reports were obtained by the Secretary in the discharge of his duties, they fall within the express language of Section 1306 and therefore are at least within the literal language of Exemption Three.

The issue is whether Congress *intended* to exempt reports of this nature. This issue turns on two separate questions. First, whether Congress intended to include reports of this nature within Section 1306; and second, whether Congress intended to included Section 1306

within Exemption Three of the Freedom of Information Act.

Stretch v. Weinberger, No. 73–1547, 495 F.2d 639 (3d Cir., 1974) concludes that Congress intended Section 1306 to prohibit disclosure only of information concerning individual persons, and not information concerning institutions. This conclusion rests on the assumption that reports in the nature of these survey reports did not exist when Section 1306 was enacted in 1939. This assumption is erroneous.

Reports similar to the survey reports were expressly contemplated by the Social Security Act of 1935. Several provisions of that Act required that a state plan must "provide that the State agency will make such reports, in such form and containing such information, as the Board may from time to time require. . . ." Social Security Act of 1935, Title I, § 2(a)(6), 49 Stat. 620 (Old-Age Assistance); id., Title IV, § 402(a)(6), 49 Stat. 627 (Aid to Dependent Children); id., Title X, § 1002(a)(6), 49 Stat. 645 (Aid to the Blind). When Congress enacted Section 1306 to prohibit disclosure of "any . . . report" obtained at any time by the Secretary, Congress clearly intended Section 1306 to encompass these general reports under the state plans.

Furthermore, a comparison of the language used in Section 1306 with the language used in other sections of the Social Security Act of 1939 demonstrates that Congress intended Section 1306 to encompass all reports, not merely reports on individual persons. The same Act which enacted Section 1306 (53 Stat. 1360 et seq.) included provisions designed to prevent the disclosure of information in the states' possession. However, unlike Section 1306, the restrictions on state disclosure were limited to individual persons. Thus, Congress required the states to

provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of old-age assistance. Social Security Act of 1939, Title I, § 101, 53 Stat. 1361 (emphasis added). The same Act imposed substantially the same protection in connection with aid to dependent children and aid to the blind. 53 Stat. 1380, 1397. Thus when Congress intended to restrict the use or disclosure of information concerning individual persons, it used precise language to accomplish such an intention.

In the same Act, Congress employed significantly broader language to describe the prohibition on disclosure by the federal administrator. Thus, Section 1306 refers to "any file, record, report, or other paper, or any information obtained at any time by the Board . . . ." See Social Security Act of 1939, Title VIII, § 802, 53 Stat. 1398. No doubt the protection of an individual's privacy was one concern of Congress in enacting the 1939 amendments. But the use of different language within these amendments indicates that Congress intended Section 1306 to be a broader restriction on disclosure than the parallel sections relating to disclosure by the states.

The Stretch decision concludes that Congress did not intend Exemption Three of the Freedom of Information Act to encompass such statutes as Section 1306. This conclusion is not supported by the legislative history of the Freedom of Information Act.

Congress indicated that it was well aware of the existence of statutes such as Section 1306 when it enacted the Freedom of Information Act. In fact, the House Report on the Freedom of Information Act referred to a 1960 House Committee Print which lists Section 1306 as an example of non-disclose statutes. H.R.Rep.No.1497, 89th Cong., 2d Sess. (1966). If Congress had not intended to include this statute within Exemption Three, it could easily have done so either by explicitly narrowing the coverage of the exemption or by amending Section 1306.

Shortly after the enactment of the Freedom of Information Act, Professor Davis considered whether the Third Exemption encompasses statutes such as Section 1306. He concluded that it does.

> Some of the statutes authorize agencies to determine whether specified information shall be made available to the public. For instance, the Securities Exchange Act authorizes the Commission to "hear objections" and then to make available an "application, report, or document only when in its judgment a disclosure of such information is in the public interest." If the Commission under this provision decides against public disclosure, is the information, within the meaning of the third exemption, "specifically exempted from disclosure by statute"? Although a respectable argument may be made that the information is exempted by the Commission and not by the statute, that interpretation will defeat the intent of the Securities Exchange Act, which is more specific than the Information Act; therefore, perhaps the Securities Exchange Act should be deemed to "specifically exempt" whatever information the Commission, acting within the power granted, decides to withhold.

Davis, The Information Act: A Preliminary Analysis, 34 U.Chi.L.Rev. 761, 786–87 (1967). His reasoning is impeccable and persuasive.

Finally, it must be noted that Congress recently amended the Social Security Act to require the *prospective* disclosure of the type of reports at issue in this case. 86 Stat. 1329, 1428, 1461–1462. The enactment of such legislation, and Congress' failure to require disclosure of reports prepared prior to the enactment of this amendment, amounts to a congressional interpretation (1) that prior to this recent amendment, Section 1306 has covered such reports; and (2) that Exemption Three of the Freedom of Information Act encompasses Section 1306. For these reasons,

I would affirm the statutory interpretation by the District Court and its resulting decision not to require disclosure of the survey reports.