**Malvin SCHECHTER, Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Appellee.**

**No. 73–1797.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 19, 1973.

Decided Oct. 3, 1974.

---

See also, D.C.Cir., 498 F.2d 1015.

Ronald L. Plesser, Washington, D. C., with whom Alan B. Morrison, Washing-

ton, D. C., was on the brief, for appellant.

Michael Kimmel, Atty., Dept. of Justice, with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, and Leonard Schaitman, Atty., Dept. of Justice, were on the brief for appellee. Walter H. Fleischer, Atty., Dept. of Justice, also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and MacKINNON, Circuit Judges.

FAHY, Senior Circuit Judge:

The Secretary of Health, Education and Welfare denied appellant an opportunity to inspect and copy certain survey reports prepared by state agencies dealing with Medicare services at a Portland, Orgeon medical laboratory and a Boston hospital. The Secretary's refusal of access to these reports was due in part to his reliance upon section 1106(a) of the Social Security Act, 42 U.S.C. § 1306(a).[1] Appellant sued the Secretary in our District Court to compel disclosure of the reports. On the Secretary's motion the court granted summary judgment in his favor by order of June 7, 1973. In its order the court held that the documents requested "are exempt from disclosure by 5 U.S.C. § 552(b)(3) [Exemption 3 of the Freedom of Information Act] by virtue of the provisions of section 1106 of the Social Security Act, 42 U.S.C. § 1306. . . ."[2] This Exemption 3 protects from disclosure "matters that are . . . specifically exempted from disclosure by statute."

Pending our consideration of this appeal from the judgment of the District

---

1. 42 U.S.C. § 1306(a) in pertinent part provides as follows:

No disclosure . . . of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare . . . in the course of discharging [his] . . . duties under this chapter . . . shall be made except as the Sec-

retary of Health, Education, and Welfare . . . may by regulations prescribe.

2. The Social Security Amendments of 1972, Pub.L. 92–603, 86 Stat. 1329, require disclosure of survey reports compiled after January 31, 1973. See, 20 C.F.R. 401.3(v)(1). The reports requested by appellants had been compiled prior to January 31, 1973.

Court, the United States Court of Appeals for the Third Circuit, in a case presenting the same legal question, reached a decision contrary to that of our District Court in this case, Stretch v. Weinberger, 495 F.2d 639 (3rd Cir. 1974);[3] so too has the United States Court of Appeals for the Fifth Circuit in Serchuk v. Weinberger, 493 F.2d 663 (5th Cir. 1974), where the decision is listed among "Decisions Without Published Opinions." The *Serchuk* court cites Stretch v. Weinberger, *supra*.[4] And in Dellums v. Weinberger, Civil Action No. 181–72, Judge Jones of our District Court has held that 42 U.S.C. § 1306(a):

> does not specifically exempt the documents sought from disclosure, but rather is a blanket exclusion on disclosure of all files, records and reports compiled under the Social Security Act. That blanket exemption is in direct contravention of the liberal disclosure requirement of the Freedom of Information Act, and cannot qualify as a specific exemption within the meaning of the Act. Schecter [sic] v. Richardson, Civil Action No. 710–72 (D.D.C. July 17, 1972); Serchuk v. Richardson, No. 72–1212–Civ—PF (S.D.Fla., Nov. 28, 1972). *But see* [People of the State of] California v. Richardson, 351 F.Supp. 733 (N.D. Cal.1972).

See also, Robertson v. Butterfield, 162 U.S.App.D.C. 298, 498 F.2d 1031 (1974), and the memorandum opinion of Judge Gesell of our District Court in Cutler v. C.A.B., 375 F.Supp. 722 (D.D.C.1974).

We agree with the reasoning of the Court of Appeals for the Third Circuit involving 42 U.S.C. § 1306(a) in the *Stretch* case, which seems to have met the approval of the Court of Appeals for the Fifth Circuit in *Serchuk*.[5] We agree also with the reasoning of our District Court with respect to the same statute in the *Dellums* case.[6] We shall accordingly reverse.

We may add that were the opening non-disclosure language of 42 U.S.C. § 1306(a) amenable to a construction as a specific statutory exemption, the language of the section which follows, with which the former must be construed, would destroy such specificity. Read as a whole, section 1306 vests complete, uncharted discretion with respect to disclosure in the Secretary rather than being a specific exemption by statute.

Reversed and remanded for further proceedings consistent with this opinion.

MacKINNON, Circuit Judge (dissenting):

I dissent in accordance with my views in this case previously set forth in Schechter v. Weinberger, 162 U.S.App. D.C. 282, 498 F.2d 1015 (1974).

Per Curiam:
AFFIRMED. See Local Rule 21. And see Stretch v. Weinberger, 3 Cir., 1974, [495 F.2d 639]. (Footnote omitted.)

---

3. The Department of Justice courteously advised this court of the *Stretch* decision before its availability in the published report of the case.

4. A copy of the action of the Fifth Circuit furnished this court by the United States shows the action of that Circuit as follows:

April 29, 1974
Before Wisdom, Coleman and Simpson, Circuit Judges.

5. See footnote 4, *supra*.

6. To the contrary is People of the State of California v. Richardson, 351 F.Supp. 733 (N.D.Cal.1972).