PEOPLE OF the STATE OF CALIFOR-
NIA, acting By and Through Evelle J.
YOUNGER as Attorney General of Cal-
ifornia, et al., Plaintiffs-Appellants,

v.

Caspar W. WEINBERGER, as Secretary
of the United States Department of
Health, Education, and Welfare, and
Mercia L. Kahn, as Regional Represent-
ative of the Bureau of Health Insur-
ance, United States Department of
Health, Education, and Welfare, Defend-
ants-Appellees.

No. 73-1494.

United States Court of Appeals,
Ninth Circuit.

Nov. 7, 1974.

Fred J. Hiestand (argued) of Public
Advocates, Inc., San Francisco, Cal., for
plaintiffs-appellants.

Michael Kimmel, Atty., U. S. Dept. of
Justice, Washington, D. C., for defend-
ants-appellees.

Before DUNIWAY and TRASK, Cir-
cuit Judges, and SMITH,* District
Judge.

OPINION

RUSSELL E. SMITH, District Judge.

Appellants, relying on the Freedom
of Information Act (5 U.S.C. § 552),
sought the disclosure of "Extended Care
Facility Survey Reports" which were
in the custody of the Secretary of
Health, Education and Welfare. These
are reports by which state agencies an-

---

* The Honorable Russell E. Smith, Chief
Judge of the United States District Court

for the District of Montana, sitting by desig-
nation.

nually inform the Secretary about the performance of nursing and old-age homes which receive federal funds under the Medicare program. The Secretary refused to disclose. Appellants brought an action to compel disclosure. 5 U.S.C. § 552(a)(3). The district court denied relief and this appeal followed.

The Freedom of Information Act requires the disclosure of the records of federal agencies but provides for exceptions, one of which is:

> "(b) This section does not apply to matters that are—
>
> \*    \*    \*    \*    \*    \*
>
> (3) specifically exempted from disclosure by statute;"

The question posed is whether 42 U.S.C. § 1306(a) relating to disclosure of Health, Education and Welfare records, reading in part,

> No disclosure of any . . . report . . . obtained at any time by the Secretary . . . or by any officer or employee of the Department . . . in the course of discharging their respective duties under this chapter [the chapter on social security] shall be made except as the Secretary . . . may by regulations prescribe . . .,

specifically exempts from disclosure the reports here sought.

The question has been answered both ways. The case of Stretch v. Weinberger, 495 F.2d 639 (3d Cir. 1974), held that these reports were not exempted from disclosure. The dissenting opinion[1] of Judge MacKinnon in Schechter v. Weinberger, 498 F.2d 1015 (D.C.Cir.1974), reached the opposite conclusion. We agree with Judge MacKinnon. To us his analysis of Stretch v. Weinberger, *supra*, and his analysis of legislative history of 42 U.S.C. § 1306, including the Social Security Amendments of 1972 (86 Stat. 1428, 1461–1462 (1972), are persuasive.

■ To what Judge MacKinnon has said we add these observations: It appears to us that when Congress used the word "specifically" it was requiring no more than that the exemption be found in the words of the statute rather than the implication of it. If an act were to exempt "all records" of a given agency, we believe that "all records" would be specifically exempted even though they were not described with "some degree of particularity." This view is contrary to the one expressed in *Stretch*.

■ We do not believe that Section 1306 was an "authorization for administrative exemption,"[2] but if we did we would agree with the conclusion reached in *Stretch*. We think the words of Section 1306, "no disclosure . . . shall be made," are words of congressional exemption which prohibit disclosure and the words "except as the Secretary . . . may by regulation prescribe" are words allowing the Secretary to relax the absolute prohibition established by Congress. We realize that as a practical matter there may not be much difference in effect between a congressional exemption with power in the Secretary to relax it and a congressional authorization of administrative exemption. Where, however, as here, we seek the meaning of congressional language, particularly the words "specifically exempted from disclosure by statute," there is a real difference between a statute in which the congressional words themselves prohibit disclosure and a statute which authorizes an administrator to exempt from disclosure. In the latter case the exemption is the creature of the administrator and does not fall within the meaning of the words "specifically exempted . . . by statute."

The judgment is affirmed.

DUNIWAY, Circuit Judge (dissenting):

I would reverse the judgment in this case. The question presented is not an

---

1. The majority opinion did not reach the question.

2. This seems to have been the Secretary's argument in the *Stretch* case. See Stretch v. Weinberger, *supra*, 495 F.2d at 640.

easy one, but I believe that the court in Stretch v. Weinberger, 3 Cir., 1974, 495 F.2d 639, correctly construes the Freedom of Information Act and 42 U.S.C. § 1306(a). *See also* Serchuk v. Weinberger, 5 Cir., 1974, 493 F.2d 663, which follows *Stretch, supra*; Schechter v. Weinberger, D.C.Cir., 1974, 506 F.2d 1275. *Cf.* Robertson v. Butterfield, D.C.Cir., 1974, 498 F.2d 1031. In my opinion, Environmental Protection Agency v. Mink, 1973, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed. 2d 119, does not require affirmance in this case. It dealt with a different exemption, and see the Court's comment at p. 80 and fn. 6, 93 S.Ct. 827. I do not find Judge MacKinnon's dissent in Schechter v. Weinberger, D.C.Cir., 1974, 498 F.2d 1015, as persuasive as my brothers do.