**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellant,**

v.

**L. T. MARSHALL, Appellee.**

No. 4275.

Court of Civil Appeals of Texas.

Eastland.

Jan. 10, 1969.

Rehearing Denied Jan. 31, 1969.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee and Stephen H. Suttle, Abilene, for appellant.

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, Harold J. Stafford and Charles B. Rose, Dallas, for appellee.

GRISSOM, Chief Justice.

L. T. Marshall was accidentally injured and, in this workman's compensation case, he sought and obtained judgment, based on the jury's findings, that his injury caused total permanent incapacity. The insurance company has appealed.

Appellant's points are, in substance, that the court erred in holding: (1) that Dr. O'Loughlin was not required to state his medical findings and conclusions to the jury, because such testimony was privileged by virtue of Federal Statute, 42 U. S.C.A., Section 1306; (2) that the doctor's testimony was privileged, because he was not an employee of the Department of Health, Education and Welfare, was not asked to disclose any file, record, or report of that department and, therefore, was not within its provisions and (3) erred in failing to sustain appellant's motion to require the doctor to testify, after the court had found his testimony was pertinent, material and admissible.

Appellee, joined by counsel for the Secretary of the Department of Health, Education and Welfare, answers that the court properly refused to compel the doctor to state his medical findings and conclusions to the jury, because they were privileged by Section 1106 of the Social Security Act, 42 U.S.C.A. § 1306, and Regulation Number 1, Section 401.1 of the United States Department of Health, Education, and Welfare, Social Security Administration, 20 CFR 401.1. Section 1106 of the Social Security Act, 42 U.S.C.A. § 1306, so far as it is here pertinent, provides that:

"(a) No disclosure of any return or portion of a return (including information returns and other written statements) filed with the Commissioner of Internal Revenue under Title VIII of the Social Security Act or under subchapter E of chapter 1 or subchapter A of chapter 9 of Title 26, or under regulations made under authority thereof, which have been transmitted to the Secretary of Health, Education, and Welfare or to the Secretary of Labor, as the case may be, by the Commissioner of Internal Revenue, or of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare, or the Secretary of Labor, or by any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor in the course of discharging their respective duties under this chapter, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor shall be made except as the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, may by regulations prescribe. Any person who shall violate any provision of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both."

Regulation Number 1 of the Social Security Administration, Part 401.1, 20 CFR 401.1, states:

"*No disclosure of* (a) any return or portion of a return (including information returns or other written statements) filed with the Commissioner of Internal Revenue under title VIII of the Social Security Act, the Federal Insurance Contributions Act or the Self-Employment Contributions Acts, or under regulations made under authority thereof, which has been transmitted to the Department of Health, Education, and Welfare by the Commissioner of Internal Revenue, or (b) any file, record, report, or other paper or *any information obtained at any time by* or from *the Department or any officer or employee* of the Department, *or any person*, agency, or organization *with whom the Social Security Administration has entered into an agreement to perform certain functions in the administration of* title II or title XVIII of *the Social Security Act, which in any way relates to or is neces-*

*sary to, or is used in or in connection with, the administration of* the old-age, survivors, *disability, or health insurance programs* conducted pursuant to titles II and XVIII of the Social Security Act, *shall be made* directly or indirectly except as hereinafter authorized by this part or as otherwise expressly authorized by the Commissioner of Social Security." (Emphasis by the Court.)

■ It appears to be undisputed that the doctor examined Marshall at the request of the Social Security Administration, to pass on his claim for financial aid presented to said department and that the doctor made a written report to the Secretary stating his evaluation of Marshall's claim for Social Security benefits. The doctor refused to testify concerning his examination of Marshall and his conclusions, which he had reported to the Secretary, claiming it was privileged by virtue of the statutes and rules quoted. The court refused to compel the doctor to testify. We assume that Dr. O'Loughlin's testimony was pertinent, material and, if admitted, might have caused a judgment favorable to the insurance company. The only question is whether it was privileged and the court correctly refused to compel the doctor to testify. The Secretary of Health, Education and Welfare, through his counsel, had previously presented his contention to the court that the information so obtained by the doctor was privileged.

As we understand the applicable statute and regulation, it prohibits the disclosure of any information thus obtained. The statute provides that there shall be no disclosure of any information obtained by the Secretary or an employee of the Department in the course of discharging his duties, except when the Secretary provides otherwise. The regulation quoted does not authorize the disclosure.

We conclude that said statute and regulation prohibit the disclosure of such information so obtained by the doctor. Such

disclosure would have made him subject to criminal prosecution. The statute and regulation prohibit any doctor who has performed a medical examination for the Social Security Administration from disclosing the information thus obtained. The information the doctor obtained by his examination of Marshall for the Social Security Administration in passing upon Marshall's application for benefits is privileged.

We have found no case that is directly in point. Appellant's cases are clearly distinguishable. In re Mengel, D.C., 201 F. Supp. 687, and Hubbard v. Southern Railway Company, D.C., 179 F.Supp. 244, though not directly in point, in principle support our conclusion that the court correctly refused to compel the doctor to testify concerning said matters.

In Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, the Supreme Court of the United States said:

"In our opinion the Secretary, under the regulations as to the custody, use and preservation of the records, papers and property appertaining to the business of his department, may take from a subordinate, such as a collector, all discretion as to permitting the records in his custody to be used for any other purpose than the collection of the revenue, and reserve for his own determination all matters of that character."

The same court in United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417, said:

"When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious."

■ As shown, appellant cannot properly claim, as it does, that the privilege as-

serted was that of a private person, the doctor, not the Secretary of Health, Education and Welfare, because said Secretary duly appeared through his attorney and filed a motion to quash the subpoena for the doctor and his report and attached a brief in support thereof contending that the doctor should not be compelled to testify because his information was privileged under the stated statute and rule. The Secretary has filed an amicus curiae brief in this court supporting the same contention.

Appellant's points are overruled. The judgment is affirmed.