## SALINAS, et ux v. AETNA CASUALTY & SURETY CO., et al.

No. 179947.

Circuit Court, Hillsborough County.

February 16, 1971.

Rood & Hapner, Tampa, for plaintiffs.

Robert E. Banker of Fowler, White, Gillen, Humkey & Kinney, Tampa, for defendant Tampa Wholesale Co.

William T. Keen of Shackleford, Farrior, Stallings & Evans, Tampa, for defendant Florida Cleaning Service.

JOHN G. HODGES, Circuit Judge.

*Order compelling witness to testify:* This case is before the court upon an oral motion made by the defendants to the court to compel the witness, Dr. Richard J. Miller, pursuant to duly issued, executed and served subpoena duces tecum, to present and disclose certain medical records in his possession and to give oral testimony concerning these records and his knowledge of the physical condition of the plaintiff in this case, Geneva Salinas, which condition is admittedly material to issues presented in this case. Upon questioning in the presence of the court, Dr. Miller respectfully declined to allow counsel to look at his records or to give any oral testimony concerning the records or his knowledge of the medical condition of Geneva Salinas prior to the injury and accident of January 21, 1969 upon instruction of the office of the Social Security Administration and grounded upon a claimed confidential privilege exist-

ing by virtue of §1106 of the Social Security Act and an Attorney General's opinion, state of Florida, designated 064-103.

The court has examined the authorities cited by the witness in support of his claim of privilege. It is the opinion of this court that §1106 contained in volume 42 of United States Code Annotated does not have application to a private physician such as Dr. Miller who has made an examination at the request of the Social Security office. Dr. Miller is not an "officer or employee" as contemplated by this statute. To give such construction to this statute would be to construe it in its broadest sense and inasmuch as this would work as a restriction of the jurisdiction or power of this court or any other court the statute should be strictly construed and a strict construction clearly indicates that this statute is not intended to apply to such a witness.

The opinion of the Attorney General of the state of Florida designated 064-103 rendered on July 28, 1964 deals with Social Security records in the hands of a vocational rehabilitation counsellor and as such deals with a state agency participating in the administration of the Social Security program and is therefore dealing with an arm of the office of Social Security and is not dealing with a medical examination performed by a private physician and therefore is not applicable.

A review of the authorities compels this court to the view that the witness, Dr. Miller, upon the facts of this case has no privilege and that he must disclose his records pursuant to the subpoena and give oral testimony concerning them. The case of Gilley v. Travelers Insurance Company, 298 F. Supp. 47, clearly holds that the testimony of a private physician to whom the plaintiff, such as Geneva Salinas in this case, has on occasion been referred by an agent of the Social Security office for examination did not constitute information disclosable only on the authorization of the office of the Social Security and that such a physician was not an "officer or employee" as contemplated by the statute. See also Merchants National Bank and Trust Company of Fargo v. United States of America, 41 F.R.D. 266, which holds that the Secretary of Health, Education and Welfare cannot prevent the production of documents in his care, custody and control pursuant to the statute cited by the witness where a motion to produce was made under the Federal Rules of Civil Procedure and good cause was shown for their production. As that court observed " 'Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.' United States v. Reynolds, 345 U.S.1, 73 S.Ct. 528, 97 L.Ed.727." This court is not persuaded by the reasoning advanced by the court of the state of Texas in Texas Employers' Insurance Association v. L. T. Marshall, 436 S.W.2d 617.

This court is committed to the view that the knowledge and records held by Dr. Miller are necessary to the proper administration of justice and that a full development of all relevant facts is proper in this case and all other cases. The broad construction of this privilege statute advanced by Dr. Miller would frustrate and interfere with the jurisdiction of this court and its proper function. It should be observed that this court has inherent power to protect the privacy and rights of the individual involved and the office of Social Security and may make and enter such orders as are appropriate to avoid publication or notoriety of any evidence developed through the disclosure of the records held by Dr. Miller or his testimony. It should further be observed that the plaintiff, Geneva Salinas, through her attorney, is making no objection whatsoever to this testimony or the disclosure of these records and in fact has requested that they be made available to defense counsel and that Dr. Miller give testimony concerning his knowledge of the plaintiff, Geneva Salinas. The plaintiff in this case properly disclosed on discovery deposition that she was under a disability rating given to her for purposes of Social Security and that this disability was for arthritis and that this commenced, she believes, about 1965. This is contained on page 30 of her deposition on file in this case.

In view of all of the above the motion by the defendants to compel the witness, Dr. Richard J. Miller, to make his records available for information and to give oral testimony concerning them and his knowledge of this plaintiff, Geneva Salinas, be and the same is hereby granted. Dr. Richard J. Miller be and he is hereby ordered to present himself for such purpose at a time to be agreed upon by all parties.