The WESTERN CASUALTY AND SURETY COMPANY, Appellant,

v.

James Rhabb DICKIE, Appellee.

No. 6226.

Court of Civil Appeals of Texas, Waco.

Dec. 12, 1980.

Rehearing Denied Jan. 15, 1981.

Dan E. Mayfield, Sheehy, Lovelace & Mayfield, Waco, for appellant.

Mack Kidd, Kidd, Whitehurst & Harkness, Austin, Jerry B. Donaldson, Donaldson & McClellan, Gatesville, for appellee.

## OPINION

JAMES, Justice.

This is a worker's compensation case involving a claim for disability resulting from a heart attack.

Appellee James Rhabb Dickie suffered a heart attack on his employer's premises shortly before or during a lunch break. Dickie brought this suit seeking to recover benefits for total and permanent disability on the theory that the heart attack was precipitated or caused by the work activities performed by him. After trial to a jury and on the jury's verdict, the trial court rendered judgment that Dickie recover $37,550.00 as compensation benefits for total and permanent disability and $5,773.00 for medical expenses incurred as a result of the heart attack. We affirm this judgment.

Appellant Western Casualty and Surety Co. appeals on fourteen points of error, all of which are variations of one central contention, and all of which were discussed by Appellant jointly. Appellant contends that in order to recover worker's compensation benefits for a heart attack, there must be a showing that the heart attack was produced by "strain, overexertion, or shock" which occurred in the course of one's employment; that no legally or factually sufficient evidence of such strain or overexertion is present in this record and that the court erred in failing to require a specific jury finding that strain or overexertion produced this particular heart attack.

Appellee, who was 45 years old at the time of the heart attack in question, had worked in various phases of the construction trade for about thirty years. On the date in question he was employed as a carpenter for a construction company engaged in building a single-firm office building. He reported for work as usual at 7:30 or 8:00 in the morning. It was a cold morning, temperature in the 20's, with a slight misting rain. Appellee's job that particular day was "saw man," and all his work was done outside. The crew was finishing out the "overhang" of the building and that involved the use of four different raw materials, to wit: 4' × 8' sheets of masonite (⅜"–⁷⁄₁₆" thick), 1" × 12" masonite strips in lengths of 16', 1" × 12" cedar, also in 16' lengths, and 4' × 8' sheets of plywood (¾" thick). Appellee and his helper transported the materials from a stack about 40 yards away and did the sawing. Most of the sawing was done with a Skil power saw but some more precise detail work had to be done with a hand saw. Sometimes, according to Appellee, it would also be necessary for him to climb up the scaffold or ladder to take measurements so that holes could be cut to fit around columns or vents.

Appellee testified that on three different occasions that morning he had experienced chest pain. The first incident occurred while he was doing some hand sawing. Appellee had suffered from gastrointestinal problems for some years, and he attributed this first pain to gas or indigestion. He rested a minute and resumed work. The next incident also occurred that same morning while he was doing some hand sawing. The pain was more serious and he lost his breath momentarily and got dizzy. He again stopped working, but a few minutes later the incident passed and he went back to work.

Shortly before lunch, Appellee was sawing some masonite sheets and he had another chest pain which was so severe that he was very nauseated and felt like vomiting. Since it was close to lunchtime, he quit work, went into the job office where there was a fire and poured himself a cup of coffee. Shortly thereafter he went outside and vomited. He went to his truck and got some Rolaids and returned to the job office. At that time he had his most severe attack and was taken to the hospital and diagnosed as having suffered an acute myocardial infarction or heart attack.

As hereinabove noted, Appellant contends that there must be a showing that Appellee's heart attack was produced by "strain,

overexertion or shock," citing *Bean v. Hardware Mutual Casualty Co.* (Beaumont CA 1961) 349 S.W.2d 284, n. r. e. Appellant further asserts that the instant case is very similar to the *Bean* case in that there was no showing of strain or overexertion which caused the heart attack in question. We disagree with Appellant's interpretation of the law and the facts in the *Bean* case, and fail to see its similarity to the case at bar.

■ It is true that our Supreme Court has consistently held that the mere fact that a heart attack occurs on an employer's premises is not sufficient to establish a right to recovery under the worker's compensation law. Furthermore, the worker's compensation system is designed to compensate an employee for *accidental* personal *injuries* sustained in the course of employment. *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex. 1972). Nonetheless the Supreme Court has liberally construed "accident" and "injury" to include heart attacks which occur in the course of employment. *Olson v. Hartford Accident and Indemnity Company*, cited supra. Although the Supreme Court generally requires a showing of "strain or overexertion" in heart attack cases, it does not appear necessary to show *unusual* strain or exertion. It seems that the normal strain or exertion involved in one's work is sufficient if the work is *generally* physically taxing. *Henderson v. Travelers Insurance Co.*, 544 S.W.2d 649 (Tex.1976). Moreover, the "strain" required may be less for one suffering from pre-existing circulatory dysfunction, and the existence of this predisposing bodily infirmity will not preclude recovery so long as the work itself is also a cause of the injury. *Baird v. Texas Employers' Insurance Association*, 495 S.W.2d 207 (Tex.1973). In all worker's compensation cases a compensable injury must be causally traced to a definite time, place or cause. *Olson v. Hartford Accident and Indemnity Company*, cited supra. The Supreme Court seems to have adopted the "strain and exertion" requirement primarily to insure that the injury of a heart attack is indeed *causally* related to the work activity of an employee.

■ In the instant case there is ample evidence that the Appellee's work was physically taxing and that the Appellee had actually performed his work activities throughout the morning. Although Appellee admitted that his work was "light work in comparison to a lot of other things," he and other witnesses testified that it "took strength and exercise" and was "physically exertive."

Furthermore, there was legally and factually sufficient evidence of a causal relationship between Appellee's work and his heart attack. First of all, he testified that each of the three experiences of chest pain occurred while he was sawing, either by hand or with an electric saw; each time he rested briefly and the pain subsided, except of course the last time when he was finally taken to the hospital. The Appellee's treating physician also testified in this case. He explained in detail the relationship of Appellee's work activities and the work environment to the injury which Appellee sustained and concluded that these work activities, the cold temperature, and the pre-existing coronary disease suffered by Appellee combined to *cause* the heart attack in question. In light of this testimony and the entire record we overrule Appellant's contentions that the evidence was legally or factually insufficient to support the verdict in this case. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

■ Appellant also complains that the trial court erroneously submitted this case to the jury because the court did not require the jury to make a specific finding that Appellee's heart attack resulted from strain or overexertion. Appellant does not challenge any findings in regard to the amount or extent of the damage sustained.

The court's charge in this case contained only one issue relating to the liability of the insurer, to wit:

"Do you find from a preponderance of the evidence that on or about February 9, 1979, the work activity performed by Rhabb Dickey in the course of his em-

ployment for Kenneth Brown Construction Company resulted in 'INJURY' to him?"

In connection with this issue, the jury was charged with a standard definition of "injury":

"'INJURY' means damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm."

Appellant contends that this issue is defective because it does not require the jury to find that Appellee's heart attack resulted from "strain or overexertion" and further because the phrasing of the issue implied causation or causal connection without requiring the jury to make a specific finding as to causation.

We think the ultimate and controlling issue in this case is whether or not the heart attack in question was *caused* by the work activities of the injured party. An issue inquiring about "strain or overexertion" would have merely been evidentiary. In our opinion the issue submitted by the trial court fairly submitted this ultimate question and did not imply or assume a causal connection, but rather directly inquired about the same. Appellant's points relating to the court's charge are therefore also overruled.

We have carefully considered all of Appellant's points, and have overruled them as being without merit. We therefore affirm the judgment of the trial court.

AFFIRMED.