SHARP, Judge.
Tootle files a petition for writ of certiora-ri to review an order of the trial court which compelled Dr. Harry Krop, a clinical psychologist who previously examined Tootle, to give his deposition. Because Tootle lacks standing to raise any federal privilege against Krop’s testifying, we deny his petition.
Tootle sued Seaboard after being injured in a train-automobile accident. Seaboard *1010 sought to depose Krop, who had examined Tootle for the Social Security Administration. Apparently, the Social Security Administration terminated Tootle’s benefits and is attempting to retrieve some benefits paid. Krop performed a consultative examination of Tootle to assist in determining Tootle’s right to benefits under the disability insurance program. Krop was selected and hired by the Social Security Administration, and he was not a treating physician.
By letter from its attorney, the Office of Disability Termination informed Seaboard that Krop’s findings and report are considered federal property and that Krop is prohibited by federal statutes and regulations from disclosing information contained therein. See 5 U.S.C. § 552(b)(3)(A) (1982); 42 U.S.C. § 1306(a) (1982); 20 C.F.R. 401.1. There are also criminal penalties for those who willfully and knowingly disclose information contrary to these provisions.
Neither the Department nor Krop has filed pleadings or appeared in this proceeding to raise any claim of privilege. The federal courts have different views on whether the privilege would apply here,[1] but in any event, only the person being compelled to testify who enters a protest on his own or through the government, has standing to challenge the compulsion of his testimony. See Stiles v. Atlanta Light Company, 453 F.Supp. 798 (N.D.Ga.1978); Gilley v. Travelers Insurance Company, 298 F.Supp. 47 (S.D.Tenn.1969); In re Mengel, 201 F.Supp. 687 (W.D.Pa.1962); Hubbard v. Southern Railway Company, 179 F.Supp. 244 (M.D.Ga.1959); Texas Employer’s Insurance Association v. Marshall, 436 S.W.2d 617 (Tex.Civ.App.1969). Accordingly, we deny this petition.
PETITION FOR CERTIORARI DENIED.
COBB and COWART, JJ., concur.

. See, e.g., Schecter v. Weinberger, 506 F.2d 1275 (D.C.Cir.1974); Stiles v. Atlanta Light Co., 453 F.Supp. 798 (N.D.Ga.1978); California v. Richardson, 351 F.Supp. 733 (N.D.Cal.1972); Gilley v. Travelers Ins. Co., 298 F.Supp. 47 (E.D.Tenn.1969); see also Texas Employer's Ins. Ass'n v. Marshall, 436 S.W.2d 617 (Tex.Civ.App.1969).