**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Loren E. JACKSON, Appellee.**

No. 08–86–00055–CV.

Court of Appeals of Texas,
El Paso.

Oct. 15, 1986.

Rehearing Denied Nov. 5, 1986.

Michael McKinney, Michael Tighe, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellant.

Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ., concur.

OPINION

SCHULTE, Justice.

This is an appeal from a judgment awarding Appellee a disability award under workers' compensation for a heart attack allegedly suffered within the course and scope of employment. Appellee was awarded $154.00 per week, plus interest, for 193 weeks for accrued total and partial disability, and 208 weeks unaccrued partial disability at $154.00 per week. We reverse and remand for a new trial.

On March 11, 1982, Appellee went to his place of employment at Target Enterprises, Incorporated, to open up the building. Appellee, while opening up the building, jerked hard on a door and soon thereafter suffered a heart attack. Appellee's employer had notice of the injury, but informed Appellee that he didn't think workers' compensation would cover it. About a year later, Appellee advised his employer that he intended to file a claim. The employer then filed his first report of injury which was received by the Texas Industrial Accident Board in May, 1983. The cause was tried before a jury which found that Appellee had been injured in the course of employment and that such injury caused Appellee's incapacity. It further found that Appellee's employer had notice of the injury and that Appellee had good cause for his failure to timely file his claim.

Appellant's seven points of error basically address three subject areas. Points of Error Nos. One through Three deal with the granting of Appellee's motion in limine which prohibited Appellant from presenting Dr. Mohr's testimony as to the cause of Appellee's heart attack. The judge below ruled that Dr. Mohr could not testify because his medical examination of Appellee was privileged under the Social Security Act. This area further includes as error the trial court's refusal to allow the doctor to testify, basing his testimony solely upon Appellee's medical records obtained from other sources and not upon records of his own examination of the Appellee. Points of Error Nos. Four and Five concern the jury finding that Appellee's heart attack occurred during the course of employment, and attack the sufficiency of the evidence. Appellant's Points of Error Nos. Six and Seven relate to the finding of good cause for Appellee's failure to file his claim within six months of the date of his injury. Appellee counters on these last two points, asserting that Appellee's claim was timely filed as a matter of law since the limitation period did not begin to run until the employer filed his first report of accidental injury.

In that the statute of limitations question could be dispositive of the case, Points of Error Nos. Six and Seven will be addressed first. Under Tex.Rev.Civ.Stat. Ann. art. 8307, sec. 4a (Vernon 1967), in effect at the time of the claim, such an action had to be initiated within six months of the occurrence of the injury. Tex.Rev. Civ.Stat.Ann. art 8307, sec. 7a (Vernon Supp.1986), provides that if an employer has been given notice or has actual knowledge of an injury and does not file a Section 7 report, the statute is tolled until the report is filed. When no notice is given, no Section 7 report is required. *Smith v. Home Indemnity Company*, 683 S.W.2d 559, 565 (Tex.App.—Fort Worth 1985, no writ).

Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 7(a) (Vernon Supp.1986), provides in substance in pertinent part that every subscriber shall keep a record of all injuries, fatal or otherwise, sustained by his employees in the course of their employment, after the occurrence of an accident resulting in an injury to an employee, causing his absence from work for more than one day. In *Lowe v. Pacific Employers Indemnity Company*, 559 S.W.2d 370 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), the court held that the intent of this statute is to limit required reports to accidents which appear from the beginning to be sufficiently serious that a claim may be anticipated. The statute contemplates filing of a report only when injury is such that there is a reasonably potential compensable injury.

Appellee here was in the hospital for more than one day, thirteen to be exact. Appellee's wife called on March 11, 1982, and informed the employer of what had occurred. The employer visited Appellee in the hospital at which time Appellee asked if his injury would be covered by workers' compensation. Further, the jury found the employer had notice within thirty days after the accident. The employer clearly had notice that a serious event had occurred in March, 1982, on the work premises. As stated in *Lowe, supra*, the report was required since it appeared from the beginning

to be sufficiently serious that a claim could be anticipated. Therefore, as a matter of law the statute was tolled until the employer filed the first report of injury. Points of Error Nos. Six and Seven are overruled.

■ Point of Error No. One addresses the exclusion of Dr. Mohr's testimony as being a violation of the Social Security Act. The statute relied on to exclude the testimony is 42 U.S.C.A. sec. 1306 (1983). This statute provides that:

[N]o disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the Secretary of Health and Human Services or Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health and Human Services or the Department of Labor shall be made except as the Secretary of Health and Human Services or the Secretary of Labor, as the case may be, may by regulations prescribe and except as otherwise provided by Federal law.

In *Schechter v. Weinberger*, 506 F.2d 1275 (D.C.Cir.1974), the court held that this statute providing for nondisclosure of any file, record, report or other paper obtained by the Secretary of Health, Education and Welfare vested complete and uncharted discretion with respect to disclosure within the secretary and, therefore, is not a specific exemption to the Freedom of Information Act. The Secretary has provided regulations pursuant to his authority which are set out in 20 C.F.R. secs. 401.100–401.603 (1986). Subpart A of Section 401.100 sets out the purposes of the regulation, which are: (1) describe how individuals may get access to their own records, and (2) describe the rules the Social Security Administration uses to decide whether to disclose information about individuals without their consent.

The regulations deal with a disclosure of information by the Social Security Administration. In the case at hand, the Appellee already had the report prepared by Dr. Mohr for the Social Security Administration. Social Security made no claim of privilege as to the report filed by Dr. Mohr or his testifying at trial. Dr. Mohr also claimed no privilege when requested to testify. At trial, Appellee was the only one who claimed such testimony was privileged by orally requesting a motion in limine to prevent the doctor from testifying.

The above regulations do not address who holds the privilege under the statute or how such a privilege is waived. The only Texas case to actually address the issue was *Texas Employers' Insurance Association v. Marshall*, 436 S.W.2d 617 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.). That case involved a defendant who attempted to compel testimony after a doctor refused to testify concerning an examination he had performed at the request of the Social Security Administration. In that case, the Secretary of Health, Education and Welfare claimed the privilege. The case does not address the effect of the privilege when no one associated with the Social Security Administration claims the privilege, as occurred in the cause before this Court. In *Tootle v. Seaboard Coast Line Railroad Company*, 447 So.2d 1009 (Fla.App. 5 Dist.1984), the plaintiff sued after being injured in a train-automobile accident. The plaintiff sought to depose a Dr. Krop who was hired by the Social Security Administration to do a report and was not plaintiff's treating physician. This is essentially the same situation as the case before this Court. The Office of Disability Termination claimed the privilege granted in 42 U.S.C. sec. 1306(a)(1982). The court held that although other federal courts have different views on whether the privilege applies in this situation (citing *Texas Employers' Insurance Association v. Marshall, supra*, in a footnote), in any event only the person being compelled to testify who enters a protest on his own or through the government has standing to challenge the compulsion of his testimony. Looking at the Tootle case, it could be concluded that the privilege belongs to the government or the reporting doctor only, and since it was not claimed, it was waived. However, in *Avila v. United States Fidelity and Guaranty Company*, 551 S.W.2d

453 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.) (which cites *Texas Employers' Insurance Association v. Marshall, supra*), the court held that the trial court erred in a workers' compensation case by admitting into evidence a letter by a physician who examined the claimant for the Social Security Administration without the informed written consent of the claimant. In the case at hand, the Appellee supplied the report of Dr. Mohr and supplied a signed waiver to the Appellant's attorney.

Clearly, the government and Dr. Mohr could have claimed a privilege under *Tootle, supra*, but neither did, and thus waived. However, according to *Avila, supra*, Appellee could claim the privilege. If *Avila* is correct, it now becomes necessary to decide if Appellee waived the privilege. Rule 511, Tex.R.Evid. (Vernon Supp.1986), provides that a privilege can be waived if the holder of the privilege voluntarily discloses or consents to the disclosure of any significant part of the privileged matter. Rule 512, Tex.R.Evid. (Vernon Supp.1986), provides that "[a] claim of privilege is not defeated by a disclosure which was … (2) made without opportunity to claim the privilege." In *Eloise Bauer & Associates v. Electronic Realty Associates, Inc.*, 621 S.W.2d 200, 204 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.), the court held, in a decision on the attorney-client privilege, that the voluntary production of an exhibit during pretrial discovery operates to waive the privilege. In this case, the Appellant's attorney was given the report by Appellee's attorney while taking Appellee's deposition. The report stated Dr. Mohr's findings. Appellee voluntarily disclosed a significant part of the subject matter by supplying the report, and waived the privilege. The testimony of Dr. Mohr should have been admitted. Point of Error No. One is sustained.

■ We now address Appellant's Points of Error Nos. Two and Three, dealing with the failure of the judge to allow Dr. Mohr to testify, basing his testimony on other records supplied from other sources and disregarding his own findings. Clearly, under Texas law the expert could testify as to the cause of the injury, as it is well settled that expert testimony is admissible to establish the cause of death or injury. *Connecticut General Life Insurance Company v. Tommie*, 619 S.W.2d 199, 204 (Tex. Civ.App.—Texarkana 1981, writ ref'd n.r. e.). Further, an expert may base his testimony on facts or data made known to him at or before the hearing. Rule 703, Tex.R. Evid. (Vernon Supp.1986). It has long been the law of this state that an expert's opinion may not be based solely on the statements or reports of third persons unless those statements are properly in evidence and the opinion is sought through hypothetical questions. *Moore v. Grantham*, 599 S.W.2d 287, 289 (Tex.1980).

In the case before this Court, the excluded testimony related to the cause of Appellee's heart attack. Dr. Mohr was willing to testify from statements and reports that had been introduced into evidence, and his opinion was sought through hypothetical questions.

In *Slaughter v. Abilene State School*, 561 S.W.2d 789, 790 (Tex.1977), a suit to recover damages for personal injury, the court held that a nontreating doctor who had examined the plaintiff only for purposes of making a report and testifying could testify as to plaintiff's condition by referring to plaintiff's case history, including his subjective complaints, the physical examinations and X rays. In the case before the Court, Dr. Mohr was a nontreating doctor who examined the plaintiff for purposes of making a report to the Social Security Administration; therefore, he should be able to testify as to the plaintiff's condition by referring to the case history and medical reports supplied by treating physicians.

To obtain reversal of a judgment on the grounds of erroneous exclusion of evidence, Appellant has the burden of showing that rejection of testimony he attempted to offer was an error reasonably calculated to cause, and probably did cause, rendition of an improper judgment. Rule 434, Tex.R.Civ.P. (Vernon 1984); *Mader v.*

*Aetna Casualty and Surety Company,* 683 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1984, no writ). In *City of Houston v. Wormley,* 623 S.W.2d 692 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), the court held that exclusion of testimony as to where an employee was supposed to be in order to carry out his assignments was not cumulative. An exclusion of testimony was harmful where the jury probably could have found on the basis of the testimony that the employee was not within the scope of his employment when the accident occurred.

In the cause at hand, there is a probability that, had the jury been able to hear Dr. Mohr's testimony about causation, it would have decided differently. He was a highly qualified doctor who would have testified that the heart attack could not have been caused by Appellee pulling on a door. At trial, there was input from only one other doctor who testified for the Appellee. The producing cause of a heart attack is a technical matter of which only one side was presented to the jury. Looking at all the facts, this was the type of error that was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. Points of Error Nos. Two and Three are sustained.

■ Appellant's Points of Error Nos. Four and Five deal with the sufficiency of the evidence to support the jury finding that Appellee's heart attack occurred within the course and scope of employment; in particular, that there was no evidence or, alternatively, that the finding was against the great weight and preponderance of the evidence.

In considering Appellant's "no evidence" assertion, this Court must consider only the evidence and inferences which tend to support the jury finding and disregard all evidence and inferences to the contrary. *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex. 1979). In *O'Dell v. Home Indemnity Company,* 449 S.W.2d 485, 487 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.), the court held that the burden of proving

strain or overexertion is not a difficult one. Evidence of some type of strain or overexertion which occurred in the course and scope of employment, and testimony by a doctor that a heart attack was probably the result of the strain or overexertion, are usually sufficient. There is evidence of some type of strain occurring in the course and scope of employment in the case at hand (the heart attack occurring after Appellee jerked on the door). Further, a doctor testified that the heart attack was probably a result of that strain. Under *O'Dell, supra,* Appellant's "no evidence" contention is not supportable.

As to the alternative challenge of the evidence, we must consider all the evidence in the case to determine if the finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Texas Employers' Insurance Association v. Courtney,* 709 S.W.2d 382 (Tex.App.—El Paso 1986, writ ref'd n.r.e.). The mere fact that a heart attack occurs on an employer's premises is not sufficient to establish a right to recovery under workers' compensation. However, an accident or injury as used in the workers' compensation statute includes heart attacks which occur in the course of employment. *Western Casualty and Surety Company v. Dickie,* 609 S.W.2d 874, 876 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). To recover under workers' compensation, the claimant must establish that a particular event caused the heart attack, and that event must be traceable to a definite time, place and cause. *Texas Employers' Insurance Association v. Courtney, supra,* at 384.

As reiterated, in *Commonwealth Lloyd's Insurance Company v. Thomas,* 678 S.W.2d 278, 289 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.):

In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Taylor v. Lewis,* 553 S.W.2d 153,

**250**

161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Alfred, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

In the case at hand, Appellee's heart attack is traceable to a definite event, the jerking open of a door on his work premises. Although Appellee was the only one present at this event, the heart attack occurred almost immediately after the event occurred. Further, Appellee's doctor testified that had there been a preexisting condition, such stress would in a reasonable, medical probability be a contributing factor of a heart attack. The doctor also testified that there was no way to tell if there was a preexisting condition because no tests were run when Appellee was first admitted to the hospital. Appellee's wife testified that Appellee came home sometime between 7:00 and 7:15 a.m. complaining of pain after having already left for work that morning. When viewing the evidence as a whole, remaining cognizant of the fact that the jury was able to judge credibility and weight to be given testimony and to resolve any conflicts or inconsistencies in the testimony, the finding is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Points of Error Nos. Four and Five are overruled.

The judgment is reversed and the cause remanded for a new trial.